IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:09CR49

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| (9) DAVID ALLEN LOWMAN, ) | |
| ) | |
| Defendant. ) | |

WHEREAS, the defendant DAVID ALLEN LOWMAN has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 18 U.S.C. § 1955(d), 21 U.S.C. § 853, 18 U.S.§ 2253, 26 U.S.C. § 5872, Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1), and/or 28 U.S.C. § 2461(c);

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all

1

right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- **Raven, model unknown, .25 caliber handgun, s/n 1474206**
- **F.I.E., Titan, .25 caliber handgun, s/n 309292**
- **F.I.E., Titan, .25 caliber handgun, s/n 909626**
- **Smith & Wesson, model unknown, .38 caliber handgun, s/n 1K10059**
- **Make unknown, model unknown, .25 caliber handgun, s/n 9580**
- **Rohm, RG 24, .22LR caliber handgun, s/n 98830**
- **Excam, Targa GT-27, .25 caliber handgun, s/n 32101**
- **12 rounds of .380 caliber ammunition**
- **7 rounds of 12 gauge shotgun shells**
- **20 rounds of .32 caliber ammunition**
- **16 rounds of .25 caliber ammunition**
- **5 rounds of 9mm caliber ammunition**
- **7 rounds of .40 caliber ammunition**
- **44 rounds of .22 caliber ammunition**
- **117 rounds of .38 caliber ammunition**
- **10 assorted magazines**
- **60 firearms seized by law enforcement on September 29, 2009, at 533 Second Street Place SW, Conover, NC**
- **2 firearms seized by law enforcement on October 26, 2009, in Huntersville, Mecklenburg County, NC, that were provided to, and used by, Terry Lee Adkins**
- **Firearms seized by law enforcement on November 24, 2009, from the residence utilized by David Mark Lowman**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

Upon the seizure of any property, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

As to any firearms or ammunition listed above and/or in the charging instrument, defendant

consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

EDWARD R. RYAN
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
DAVID ALLEN LOWMAN
Defendant

_____
RICHARD EUGENE BEAM, JR.
Attorney for Defendant

Signed this the 29 day of March, 2010.

_____
THE HONORABLE ~~DAVID C. KEESLER~~
UNITED STATES MAGISTRATE JUDGE

David S. Cayer

3